JOHN F. EBERHART

*v.*

CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY CO.

1. RIGHT OF WAY—*measure of damage, where the property is not taken.* Where land is not taken by a railway company for its right of way, but damaged only, the question should be, will the property be of less value, when the road is constructed, than it was when it was located? If so, then the difference is the true measure of damages. To ascertain this, the opinions of intelligent witnesses on the subject, are proper.

2. SAME—*damages must be actual.* The damages contemplated by the constitution, where the property is not taken for the use of a railway company, must be actual, real and present damage to the property.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was a proceeding to condemn lots 11, 12 and 17, in block 4, and lots 3, 4 and 5, in block 3, in Eberhart & Wedge's addition to Chicago. The appellant was the owner of 73 lots in this addition. The appellee, being about to construct a railroad diagonally through them, filed its petition to condemn the lots above named, they being the only lots which the road touched or structurally injured in passing through the addition. The appellant (defendant below,) filed his answer and cross-bill, in which he claimed to own 68 lots adjacent to the road, besides those sought to be condemned, and asked that there be awarded to him, in the same proceeding, such damages as the jury should find those other lots

would sustain by the location of the road. Under the instruc-
tions of the court, the jury gave $6000 for the lots taken, and
nothing for those not taken. The defendant appealed, making
no question as to the damages allowed for the lots taken, but
complaining as to the finding as to the others.

Mr. LEONARD SWETT, and Mr. GEORGE BURRY, for the
appellant.

Mr. E. WALKER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the
Court:

This was a proceeding instituted in the circuit court of
Cook county, by The Chicago, Milwaukee and St. Paul Rail-
way Company, against John F. Eberhart, to condemn certain
land belonging to defendant, for their road way.

It appears the land was platted into lots, some of which
were actually taken by the railway company, and damages
allowed therefor, about which there is no controversy. The
dispute is, as to the damage resulting to other lots in the plat,
not taken, and what is the true rule in such case.

On the trial of the cause, various instructions were asked
by both parties, which the court refused, supplying instruc-
tions of its own, to which both parties excepted, but which,
in the argument now submitted, meet the approval of the
petitioner. Much labor has been bestowed by counsel in this
cause, in preparing it for our consideration. The leading
cases in England, growing out of the interpretation, by the
courts of that country, of the Lands Clauses Consolidation
Act of 8 and 9 Victoria, chapter 18, and the Railways Clauses
Consolidation Act, of the same reign, chapter 20, have been
cited and commented on, as well as cases in the courts of our
own country, and divers views presented and enforced with
great ability.

We had occasion to examine the questions here arising and discussed, at this term, in the case of the *Chicago and Pacific Railroad Company* v. *Francis, ante,* p. 238, in which a majority of the court held that, under the constitution and law, where land was not taken, but damaged only, the question should be, will the property be of less value, when the road is constructed, than it was when it was located? If so, then the difference is the true measure of damages. To ascertain this, the opinions of intelligent witnesses could be called into requisition, and most of the elements entering into the question of damages, so strenuously objected to by the appellee here, were held proper to be considered.

The third instruction given by the court is not in conformity with the opinion in the case referred to, and should not have been given.

The fourth instruction asked by appellant, and refused, embraces, more nearly, the rule, as announced in the case cited. It was as follows:

"If the jury believe, from the evidence, that this respondent is the owner of the lots in said addition claimed by him, and that certain of these lots are to be entirely taken for railroad purposes, and certain other of his lots, lying adjacent, and not taken, are damaged by means of this taking, then, as to the lots not taken, the jury will find, as damages, the depreciation in the market value of the same by reason of the construction and maintenance of said railroad."

All the questions raised here, however, are settled by *Chicago and Pacific Railroad Company* v. *Francis, supra.* It would be unprofitable to discuss them now. It may not be improper to say, that, in that case, the Chief Justice expressed his opinion that the constitution contemplates, when property is not taken, that the damages must be actual, real and present damage to the property, before they can be allowed.

For a full discussion of all those questions, we refer to *Page et al.* v. *The Chicago, Milwaukee and St. Paul Railway Company,* (this same company,) *ante,* p. 324.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*