69 189
79 516

## Belleville Pump & Skein Works v. Henry Bender.

1. INSTRUCTIONS—*Accuracy Required.*—In a case which is very close on the facts, the instructions should be accurate, and especially so where the evidence is so evenly balanced that it would support a verdict either way. Inaccuracy on one side in such a case will not be cured by accuracy on the other.

2. MASTER AND SERVANT—*Duty of the Master in Providing Machinery.* —An instruction telling a jury that it is "the duty of a master to furnish his servant with tools and appliances that are reasonably safe," is erroneous, as the law is, that he is only required to use reasonable and ordinary care and diligence in providing suitable and safe machinery.

3. APPELLATE COURT PRACTICE.—*As to Refused Instructions, When Abstract is Incomplete.*—This court will not consider an assignment of error complaining of the refusal of the trial court to give certain instructions when the abstract does not contain all the instructions that were given so that the court can see whether similar instructions were given.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

GEO. C. REBHAN and HAMILL & BORDERS, attorneys for appellant.

FRED. B. MERRILLS and ROBERT A. MOONEYHAM, attorneys for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment for damages, caused, as alleged, by the negligence of appellant in furnishing appellee, who was at the time an apprentice moulder, an unsafe and dangerous chiller in which to pour molten metal; and in failing to instruct and inform appellee, who was of the age of sixteen years, and alleged to be inexperienced, of the danger attending such work. The errors discussed relate to the refusal to admit certain evidence, the giving and refusing to give instructions, and to the verdict and judgment, which it is claimed, are not warranted by the evidence.

The facts in brief are, that appellee had been working for the company about twenty months prior to the accident, and for about six months prior thereto as an apprentice moulder. On the day of the accident, February 9, 1889, he was making what is called jack-nuts, being the top nuts in jack-screws, which is what is called bench work. He filled his ladle with molten iron out of the cupola and poured two or three molds, when, having a small quantity left, but not enough for another mold, he attempted to pour the residue into a small iron vessel, about eighteen inches long, six inches deep, eight inches wide at the top and four at the bottom, resting on the ground floor, called a chiller or ingot, used to save such residue, when, owing to that vessel being damp, or having a piece of rusty scrap iron in it, there was an explosion of the molten metal he had so

Belleville Pump & Skein Works v. Bender.

poured in, and a dash of it struck him in the eye, which so injured it as to cause him to lose the sight of that eye.   He claims that he did not know of the danger, and that he had not been instructed.   The record seems to be replete with proof that explosions, especially in cold weather, were very common, though no injuries had before occurred.   That he knew of explosions, though none had occurred with him before, he admits.   From the general tenor of the evidence, both on the part of the plaintiff and defendant, it appears that was a well known fact.   He had been pouring molten metal into the chillers about twice in three days, on an average, for about six months, and knew, as he testified on a former trial, that molten metal poured into a damp pig-bed or chiller would explode, and that a chiller on damp ground would acquire moisture.   On this trial he seems to think that he did not understand the questions in that way, and his counsel claims that he was speaking of knowledge acquired thereafter, as after recovery he continued to work for appellant for some time.

The appellant introduced three witnesses, who testified that appellee was warned to be careful at the time, about pouring molten metal in that chiller.   This warning is denied by appellee and several witnesses.   The superintendent testified that he gave him particular directions about the manner of pouring the metal into the chiller, which is denied by appellee.   The witnesses on both sides testify that care must always be used to pour the metal in slowly, so that a small quantity covering the bottom of the chiller may absorb the dampness, before pouring in the entire quantity.   This seems to be general knowledge in that business.   At best the case is very close on the facts, and therefore the instructions should have been accurate.   Volk v. Roche, 70 Ill. 297; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; and especially so where the evidence is so evenly balanced that it would support a verdict for either party.   Shaw v. People, 81 Ill. 150; Holloway v. Johnson, 129 Ill. 367.   Inaccuracy on one side will not in such case be cured by accuracy on the other.   I. C. R. R. Co. v. Maffit, 67 Ill. 431.

The second instruction given for the plaintiff was erroneous. It told the jury that "it was the duty of the master to furnish his servant with tools and appliances that were reasonably safe." The law is that he is only required " to use reasonable and ordinary care and dilligence in providing suitable and safe machinery." Camp Point Mfg. Co. v. Ballou, 71 Ill. 421. This is the rule well established in this State, and it is not necessary to burden this opinion with citations to verify it.

The appellant complains of the refusal of the court to give certain instructions offered in its behalf, but as the abstract does not contain all the instructions, as required by various decisions, in order that this court may see whether a similar instruction had been given, that assignment of error is not considered.

There was no error committed in refusing to admit evidence on behalf of defendant that explosions of the molten metal occurred under different conditions.

The judgment is reversed and the cause remanded.