THE CHICAGO GENERAL RAILWAY COMPANY

*v.*

JOHN MURRAY *et al.*

*Opinion filed June 18, 1898—Rehearing denied October 5, 1898.*

1. APPEALS AND ERRORS—*condemnation verdict will stand on appeal, unless clearly against the evidence.*   A condemnation verdict rendered on conflicting evidence, by a jury which viewed the premises, will stand on appeal, unless clearly against the evidence.

2. SAME—*error in instructions must be misleading to work reversal.* Error in instructions will not work reversal unless of such a character as to be likely to mislead the jury.

3. EVIDENCE—*when refusal to admit a stipulation in a condemnation proceeding is not error.*   The refusal to admit in a condemnation proceeding a stipulation made during the trial by counsel for the petitioning railway company, relating to the manner in which the company would use the condemned property in constructing its road-bed, is not error, where it does not appear that counsel had any authority to bind the company in that regard.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

LYMAN M. PAINE, and GLENN E. PLUMB, for appellant.

WILLIAM M. JOHNSTON, and JOHN H. ROLLINS, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding by appellant to condemn for a right of way a triangular piece of land lying at the corner of Thirty-first and Farrell streets, in the city of Chicago, to be taken from the front ends of lots 20 and 21, in Keeley's subdivision, etc.  Thirty-first street runs east and west, and Farrell street is a diagonal street running into the former from the north-west.  Said lots have a combined frontage of sixty-one feet on a diagonal line on Thirty-first street.  Lot 20 extends back along Farrell street one hundred and fifteen feet to an alley, and

lot 21 lies next adjoining it.  The triangular piece sought to be condemned and taken from the front of these lots is forty-seven feet two inches on Thirty-first street and twenty-five feet seven inches on Farrell street, leaving the other side of the triangle, drawn at a right angle to Farrell street, of the length of forty feet.   There was a fourteen-foot sidewalk on the street in front of these lots, and the owner, Murray, had excavated the lots and also Thirty-first street for a distance of ten feet, and built a retaining wall there for the purpose of building.   The evidence showed that the outside rail of the proposed street railroad track would be only three feet from the new lot line, and that the street cars would overhang the rail twenty-two inches.   It would be necessary also to take from the end of these lots additional space for a sidewalk, and it was contended by Murray that such close proximity of the street railroad would make it impracticable to front his building on Thirty-first street, but would compel him to front on Farrell street,—a side street of only forty feet width, on which property was of little value.  Appellant made John Murray and "unknown owners" defendants.  Afterwards John Murray, claiming to be owner, Robert Berger, claiming to be trustee, and Ferdinand Miller, claiming to be mortgagee of the aforesaid property, filed their appearance and answer, alleging that the residue of the lots would be greatly damaged and injured, and asking for a determination of the compensation and damages by a jury.   After hearing the evidence and viewing the premises the jury returned a verdict finding that the just compensation to be paid to the owner or owners of the property to be taken or damaged, describing the same, was $3000, and to the owner or owners of the residue of said lots, by reason of the taking of the said triangular piece, was $2000.  A motion for a new trial was overruled and judgment entered on the verdict, from which judgment the petitioner has appealed to this court.

Appellant contends that the court erred in excluding from the jury a certain stipulation and in giving certain instructions for appellees, and contends also that the evidence does not support the verdict and that the damages are excessive. The evidence relating to the value of the property taken and to the damage to the property not taken was conflicting, but there was evidence on both points to sustain the verdict of the jury, and although the evidence of appellees as to the latter point was not as clear as it might have been, still the jury viewed the premises, and it was their province to weigh the evidence and determine the amount to be awarded from such evidence and view, and we find no such insufficiency of evidence as to justify us in reversing the judgment on that ground. The jury were authorized to find that the most valuable part of the lots was taken, that the valuable frontage on Thirty-first street was destroyed, and that the owner would be compelled to use a narrow side street for the front of his property for business purposes. He was entitled to just compensation for such losses, and we cannot say that the amount awarded is excessive or that the evidence does not support the verdict.

While we do not regard the instructions complained of as models of clearness to be copied, we find no sufficient error in them to justify us in reversing the judgment. The one relating to the view of the premises by the jury, and concerning which the chief complaint is made, is, in substance, the same as the instruction reviewed by this court in *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 188, and which, it was there said, was in accord with what this court had theretofore said upon this subject. A careful reading of the instruction very clearly shows that it is not open to the objection urged—that it authorized the jury to base their verdict alone on their inspection of the premises. On the contrary, the instruction referred the jury to the evidence, or the whole evidence. Criticisms are made upon other instructions, but

we cannot believe that the jury were misled by the alleged defects.

Nor was there error in excluding from the jury the stipulation made during the trial by counsel for appellant relative to certain filling and paving, and to the proposed construction of a stone wall which it was supposed would be necessary to build on the line separating the land taken from the rest of the lots. There was no error in this. It did not appear that counsel had any authority to bind the company in that way as to the manner in which the company should use its road-bed. (See *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 Ill. 111.) Besides, the court gave appellant sufficient opportunity to present such proper evidence on the subject to which the stipulation referred as it should think proper to submit, but it offered none, and it was not therefore prejudiced by the change in the rulings of the court.

Finding no substantial error the judgment is affirmed.

*Judgment affirmed.*