M. BYRON RICH *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 19, 1900.*

1. RES JUDICATA—*unreversed confirmation judgment is a bar to a subsequent one for similar improvement.* A judgment confirming a special assessment for an improvement is, while it remains in full force, a bar to another judgment sought to be recovered, confirming another assessment for a similar improvement of the same street.

2. SPECIAL ASSESSMENTS—*erroneous confirmation judgment not void is not open to collateral attack.* The failure of an ordinance to describe the flat stones upon which curbing is to be set renders a confirmation judgment based thereon erroneous, but not void or subject to collateral attack.

3. SAME—*facts acquired by jury's view of premises are not evidence.* The jury, in a proceeding to confirm a special assessment, may consider the facts acquired from a view of the premises, taken by permission of the court, to better enable them to understand and apply the evidence; but such view, or the facts ascertained from it, are not evidence for their consideration.

MAGRUDER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

RICH & LOEHR, and GEORGE A. MASON, for appellants.

CHARLES S. THORNTON, Corporation Counsel, ARMAND F. TEEFY, and EDWARD J. HILL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Rich and others, owners, respectively, of certain lots in Chicago, have appealed from a judgment of confirmation of a special assessment, made under the act of 1897, to defray the cost of curbing, filling and paving with asphalt certain streets of that city.

As to eight certain lots fronting on Monroe street, (formerly Brooks avenue,) Rich, the owner, gave in evi-

dence, under his objections filed, a certain judgment of said county court rendered in 1895, confirming a special assessment made to curb, fill and macadamize said Brooks avenue, and moved the court to dismiss the petition as to said lots. Thereupon appellee's counsel moved the court to set aside said last named judgment, but whether or not the court acted upon the motion to set aside the judgment the record does not show. That is immaterial, however, as the court had no power in 1898 to set aside the judgment rendered at a prior term in 1895. As the judgment had never been reversed and was in full force it was a bar to another judgment sought to be recovered confirming another assessment for a similar improvement of the same street. *McChesney* v. *City of Chicago*, 161 Ill. 110; *People* v. *McWethy*, 165 id. 222.

Appellee contends that the prior judgment was void for the reason that the ordinance in that case did not sufficiently describe the flat stones upon which the curbing was to be set. In *Lusk* v. *City of Chicago*, 176 Ill. 207, we held that it was error to confirm an assessment based upon an ordinance having this defect, and it was there said that the ordinance was invalid, and the judgment of confirmation was reversed and the cause was remanded. If it had been considered that the judgment was void there would have been no necessity for remanding the cause. That was a direct proceeding, while here it is a collateral attack. If the former judgment was merely erroneous and not void, it cannot be attacked in this proceeding. In *People ex rel.* v. *Lingle*, 165 Ill. 65, we held that a similar insufficiency in the ordinance did not affect the jurisdiction of the court, and that the judgment of confirmation could not be attacked on an application for judgment for a delinquent special assessment. We can not, therefore, regard the former judgment as void, but only as erroneous. The objections, therefore, as to said eight lots should have been sustained.

We are also disposed to agree with appellants that the court erred in giving to the jury this instruction:

"The jury are instructed that their view of the premises assessed in this case, and the facts that they may have acquired from such view, so far as they pertain to the special benefits that said premises may or may not derive from the proposed improvement, is evidence for them in making up their verdict."

It was within the power of the court to permit the jury to view the premises, as in cases at common law, if the court, in the exercise of a sound discretion, considered such view necessary or proper to enable the jury better to understand and apply the evidence. But such view, or the facts ascertained by the jury upon such view, could not, of itself or themselves, be considered as evidence in arriving at the verdict. (*Vane* v. *City of Evanston*, 150 Ill. 616; *Osgood* v. *City of Chicago*, 154 id. 194.) The rule is not the same in cases of this character as in condemnation cases, where the statute provides for such view. In the *Vane case* we said "that the only purpose of permitting the jury to inspect and view the *locus in quo* is to better enable them to understand the matter in controversy between the parties, and to clear up any obscurity that may exist in the application of the evidence introduced in the case. * * * They were not authorized to consider any fact bearing upon the merits of the controversy derived from such view." It is very clear that the instruction in question is in direct conflict with what was said in the *Vane case*, and that, as there further said, to allow such a practice would "introduce a great uncertainty in the trial of all common law causes where a personal view was permitted." In the case at bar, instead of limiting the effect as evidence in the case by proper instruction, the court instructed the jury to consider as evidence in making up their verdict their view of the premises and the facts they may have acquired from such view. This was error. The statute provides that the trial

of such cases shall be conducted as in other cases at law. This instruction violated the rule at law long established. Appellee's counsel cite *Maywood Co.* v. *Village of Maywood*, 140 Ill. 216, as a case sustaining such instruction, but we do not so regard it. The instruction in that case was given at the request of the objectors who were seeking to reverse the judgment, and they could not, of course, complain of it, or of the jury in following it in making up their verdict.

For the errors indicated the judgment is reversed and the cause remanded.          *Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting:

Under the rule frequently announced by this court the ordinance here involved must be held to be on its face "invalid." "Invalid" does not mean "defective" or "insufficient." Webster defines the word "invalid" in his dictionary as follows: "Having no force, effect or efficacy; void; null; as an invalid contract or agreement." This definition of "invalid" has been adopted by the American and English Encyclopædia of Law. (Vol. 11, p. 780). The same definition has been endorsed and approved by the Supreme Court of Indiana in the case of *State ex rel. Mac-Kenzie* v. *Casteel*, 110 Ind. 174, where Mr. Chief Justice Elliott says: "The word employed in the first of the sections quoted is 'invalid;' and this word is defined by Webster to mean 'having no force, effect or efficacy; void; null.' If a sale is null or void, it can convey nothing at all," etc.

The fact that the cause was remanded does not indicate that the confirmation judgment was regarded as merely defective. This court has power to remand a cause to the circuit court, and direct it to undo its void judgment.