## Joseph Petzel v. Chicago & North-Western Ry. Co.

1. EVIDENCE—*Viewing Premises.*—A view of the premises is author-ized in cases where property is alleged to have been taken or damaged, and while the information derived therefrom is not evidence, yet it bet-ter enables the jury to understand and apply the evidence.

2. VERDICT—*Upon Irreconcilable Evidence.*—Courts of review have uniformly held in cases in which there is an irreconcilable conflict in the evidence, that unless the verdict is manifestly against the weight of the evidence the judgment should not be set aside.

**Trespass on the Case,** for damages caused by constructing and oper-ating a railroad in the street. Appeal from the Circuit Court of White-side County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

G. A. STULTZ and C. H. WOODBURN, attorneys for appel-lant.

WILLIAM BARGE, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Appellant brought this suit against appellee to recover damages alleged to result from the location, construction, operation and maintenance of its railway on the street in front of his residence in the city of Sterling. A jury trial resulted in a verdict and judgment in favor of appellant for $300. He brings the case to this court by appeal and seeks to reverse the judgment of the court below, mainly on the ground that the damages allowed by the jury were inadequate. There was about an equal number of witnesses testifying for the respective parties on the question of dam-ages to appellant's property, resulting from the location, construction, operation and maintenance of appellant's road.

The jury viewed the property. A view in this class of cases is authorized upon the authority of Springer v. City of Chicago, 135 Ill. 552, and while the information derived therefrom is not evidence (Vane v. City of Evanston, 150 Ill. 616, and Rich v. City of Chicago, 187 Ill. 396), yet it

better enables the jury to understand and apply the evidence. The verdict is within the range of the proof. The amount of damages is a question of fact and exclusively within the province of the jury to determine. The jury saw the witnesses and had superior opportunities to judge of their credibility and the weight to be given to their testimony. The trial judge who possessed like superior opportunities approved the verdict. Courts of review have uniformly held, in cases in which there was an irreconcilable conflict in the evidence, that unless the verdict was manifestly against the weight of the evidence the judgment should not be set aside. The rule applies with added force in this case, in which the jury had the additional advantage of a view of the premises. We are not authorized in disturbing the finding of the jury upon the assessment of damages.

Some objection is made to the action of the court in passing upon the instructions. It is contended that appellant's fifth instruction was improperly refused. It correctly stated the measure of damages, but the same rule was declared in other given instructions and it was not, therefore, error to refuse it. Appellee's sixth instruction did not specifically mention the operation of the road as one of the elements to be considered in the assessment of damages. It was not an incorrect statement of law, but a mere omission of an element which was included in other given instructions and therefore not reversible error. B. & O. S. W. Ry. Co. v. Derr, 69 Ill. App. 180.

The measure of damages in this case was the difference, if any, between the fair cash market value of the property immediately before and after the infliction of the alleged injury and as a result thereof. This rule was clearly stated in the instructions.

We find no reversible error in the record. The judgment of the Circuit Court will be affirmed.