## William Osner v. James Zadek, by next friend.

### Gen. No. 11,920.

1. PRACTICE ACT—*section 57 construed.* That portion of section 57 of the Practice Act which provides that "no more than two new trials upon the same grounds shall be granted to the same party in the same cause," has no application to cases in which material errors of law have intervened.

2. MASTER—*when not liable for failure to furnish reasonably safe machinery.* The master is not liable for the failure to furnish reasonably safe machinery where it appears that he used the utmost diligence to procure the same and that there was no defect therein discoverable by the exercise of ordinary diligence.

3. INSTRUCTION—*when erroneous, cannot be cured.* When an instruction purports to state facts, on proof of which the jury may find for a party, and the instruction is erroneous, it is not susceptible of cure by any other instruction in the series, because the jury may have based their verdict on the erroneous instruction, regardless of all others given, and it cannot be known that they did not.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed May 1, 1905.

WHITFIELD & WHITFIELD and SAMUEL W. JACKSON, for appellant.

EDWARD MAHER and ROBERT F. KOLB, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This action is case by appellee against appellant for negligence *per quod* appellee was injured. Appellee recovered judgment for $1,500. The declaration contains two counts. In the first count it is averred that prior to May 18, 1897, the plaintiff had been employed and was then in the employ of the defendant, and working at a machine operated by steam power, pressing certain pieces of leather called soles; that plaintiff was, to wit, eighteen years of age and ignorant of the operation of the machine, and the danger attending its operation; that he was ordered by defendant's foreman to operate it, and that it was defendant's duty, by

Osner v. Zadek.

said foreman, to instruct plaintiff how to operate the machine and in regard to the danger attending such operation, which the defendant neglected to do, by reason whereof, and while plaintiff was exercising due care, plaintiff's right hand was caught between two portions of the die, which was a part of the machine, and severely crushed and mangled. The second count is for negligence, in not maintaining the machine in a reasonably safe condition and state of repair. The defendant pleaded the general issue.

We have carefully considered the evidence and the arguments of counsel, and our conclusion is that the verdict, in finding the appellant guilty of negligence, is manifestly against the great weight of the evidence, and appellee's counsel do not seriously contend that it is not, but urge that there is evidence to sustain the verdict, and that, inasmuch as the last was the third trial of the cause, and the appellee obtained a verdict in his favor on each trial, the judgment should be affirmed, citing section 57 of the Practice Act and Parmly v. Farrar, 204 Ill. 39. Section 57 provides: "But no more than two new trials, upon the same grounds, shall be granted to the same party in the same cause." We have no means of knowing on what grounds new trials have been granted by the trial court. The case cited has no application to cases in which "material errors of law have intervened." The 5th instruction for appellee is as follows :

"The court instructs the jury that under the law it was the duty of the master, Osner, to furnish the servant, Zadek, with reasonably safe appliances, tools and instrumentalities with which to work. And if you believe from the evidence that the plaintiff was injured while in the exercise of that care for his own safety required of one of his age, capacity and experience, and by reason of the negligence of the master in failing to provide reasonably safe appliances, tools and instrumentalities, with which the plaintiff was to work, as alleged in the declaration, then you may find a verdict for the plaintiff."

Under this instruction the jury may have found for the plaintiff if they believed from the evidence that the ma-

chine was not reasonably safe, even though appellant used the utmost diligence to procure a safe machine, and even though there was no defect in the machine discoverable by the exercise of ordinary diligence. This is not the law. "The master's obligation is not to supply the servant with absolutely safe machinery, or with any particular kind of machinery; but his obligation is to use ordinary and reasonable care not to subject the servant to extraordinary and unreasonable danger." Chicago, R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41, 49. "The law imposes on the company the obligation to use reasonable care and diligence in providing suitable and safe machinery," etc. Ib. 48. In this case the preponderance of the evidence tended to prove not only that appellant exercised reasonable care to furnish a safe machine, but that the machine was safe when used with ordinary care. The instruction is erroneous and requires a reversal of the judgment. Belleville P. & S. Works v. Bender, 69 Ill. App. 189; Wabash R. R. Co. v. Farrell, 79 Ib. 508.

No instruction given tends to cure the error of the 5th instruction, on the hypothesis that it is susceptible of cure; but when an instruction purports to state facts, on proof of which the jury may find for a party, and the instruction is erroneous, it is not susceptible of cure by any other instruction in the series, because the jury may have based their verdict on the erroneous instruction, regardless of all others given, and it cannot be known that they did not. Ill. I. & M. Co. v. Weber, 196 Ill. 526, 531.

We think the giving of both the 6th and 7th instructions obnoxious to criticism. The 7th is little, if any, more than a repetition of the 6th. "The practice of emphasizing, by repetition, tends to prejudice the rights of litigants." Mareck v. City of Chicago, 89 Ill. App. 358, 361.

The judgment will be reversed and the cause remanded.
*Reversed and remanded.*