**William H. Payson, Jr., Appellee, v. Village of Milan, Appellant.**

**Gen. No. 5444.**

1. APPEALS AND ERRORS—*effect of former decision.* The decision of the Appellate Court upon one appeal becomes the law of the case in all subsequent appeals.

2. INSTRUCTIONS—*when need not sum up all issues.* If an instruction does not conclude with a direction that the jury shall find one way or the other, it need not sum up all the issues in the cause.

Action in case. Appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

SEARLE & MARSHALL, for appellant.

J. T. & S. R. KENWORTHY and THOMAS J. WELCH, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

William H. Payson, Jr., brought suit against the village of Milan to recover damages averred to have resulted to the land of plaintiff by the construction of a levee and ditch by the federal authorities upon and along Water street in said village in front of his land,

ERRATUM (App. 160.)

LINE 1, PAGE 518, SHOULD READ:

"The jury should have been instructed that they"

whereby water was confined upon his land and his right of ingress and egress impeded. On the first trial a verdict was returned in favor of the defendant on which judgment was rendered. Upon an appeal by the plaintiff, this court reversed and remanded the case because of the refusal of the trial court to admit in evidence a certain resolution passed by the village of Milan authorizing the construction of the work. Payson v. Village of Milan, 144 Ill. App. 204. The opinion there filed states the facts and circumstances out of which the suit arises. Upon a second trial there was a verdict in favor of the plaintiff for $500 and later a judgment for $518.82, the amount of the verdict and interest thereon. The defendant prosecutes this appeal.

Appellant assigns for error the admission of the resolution, the rejection of which this court held to be error on the former appeal. The record does not show any objection to the admission of this evidence. Even if an objection had been made, on a second appeal all questions considered on the first appeal must be regarded as *res adjudicata* in the subsequent proceedings, and this court is precluded from further considering that question. Griesbach v. People, 226 Ill. 65; Landt v. McCullough, 130 Ill. App. 575.

Evidence was admitted concerning the construction by the village of a tile culvert under Water street, near the southwest corner of appellee's land. This it is contended was erroneous. There is no objection to the evidence in the record, although there was an objection to the leading character of questions asked about water flowing through the culvert. Appellee was permitted to show over the objection of appellant that the village, before the doing of the work complained of, had laid a water main connected with a public water works system, with a fire hydrant attached to the main on Water street in front of appellee's premises. It was competent evidence for the purpose of showing the elements that might increase