Gibbons v. Southern Illinois Ry. & Power Co., 199 Ill. App. 154.

bers and forward the same to the supreme tent of appellant. In this capacity he was acting as the agent of appellant, the office held by him was known as "Record Keeper." His duties as record keeper were different in many respects from his duties as finance keeper. His acceptance of this office under the by-laws of appellant, we think, was a clear recognition of those laws as being binding upon himself, and in our opinion he would be held to have acquiesced in and ratified the contract of merger. However, we do not base our opinion on that ground, as we believe that without reference to his ratification, he and his beneficiary would be bound by the by-laws of appellant in question.

We are therefore of the opinion that the court erred in rendering the judgment that it did, and that the judgment should be reversed and that the cause should be remanded with directions to the trial court to enter judgment against appellant for the sum of $265.42, in compliance with the stipulation filed by the parties hereto in the trial court.

*Reversed and remanded with directions.*

---

### Ira Gibbons, Appellee, v. Southern Illinois Railway & Power Company, Appellant.

1. STREET RAILROADS, § 32*—*what is measure of damages for flooding of land of abutting property owner due to construction of street railroad.* The measure of damages for the flooding of land of an abutting property owner due to the construction of a street railroad is the difference in the market value of the property in question before the construction and operation of the railroad and its market value after the construction and operation of the railroad, irrespective of any improvement the owner may have placed on the same after the construction of the railroad.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gibbons v. Southern Illinois Ry. & Power Co., 199 Ill. App. 154.

2. STREET RAILROADS, § 32*—*when evidence as to expense of filling in land after construction of street railroad inadmissible in action for damages for flooding land.* In an action against a street railroad company by-an abutting property owner to recover damages for the flooding of his land due to the construction of the railroad, evidence as to expenditures in filling up the premises of the plaintiff to keep off the water incurred subsequent to the construction of the railroad is inadmissible.

3. STREET RAILROADS, § 32*—*when instruction on consideration by jury of view of flooded premises of abutting property owner erroneous.* In an action by an abutting property owner against a street railroad company for damages for flooding his land, alleged to be due to the construction of the railroad, *held* that an instruction that the jury in making up their verdict had the right to take into consideration the evidence and their view of the premises was prejudicially erroneous.

4. TRIAL, § 41*—*when jury may not take into consideration view of premises in making up verdict.* The rule in condemnation proceedings that the jury may view the premises and take into consideration such view in making up their verdict has no application in an ordinary action by an abutting property owner against a street railroad company to recover damages for the flooding of his land due to the construction of the railroad.

5. STREET RAILROADS, § 32*—*when instruction on measure of damages for flooding of land by construction of railroad erroneous.* In an action by an abutting property owner against a street railroad company for damages for the flooding of his property due to the construction of the railroad, *held* that an instruction on damages, which, although authorizing the jury to take into consideration the construction of the railroad, did not authorize them to take into consideration the operation of the railroad, was erroneous.

6. STREET RAILROADS, § 32*—*when operation of to be considered in estimating damages for flooding of land of abutting property owner.* In an action by an abutting property owner against a street railroad company for damages for flooding of plaintiff's land due to the construction of the railroad, the operation of the railroad as well as the construction thereof must be considered in estimating the damages.

7. INSTRUCTIONS, § 70*—*when instruction on damages erroneous as assuming facts..* In an action by an abutting property owner against a street railroad company for damages for the flooding of his property due to the construction of the railroad, an instruction on the measure of damages *held* erroneous as assuming that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the property of plaintiff was damaged and depreciated by the railroad embankment.

8. INSTRUCTIONS, § 13*—*when properly refused.* Instructions which are lengthy, argumentative, and tend to confuse the jury are properly refused.

9. INSTRUCTIONS, § 7*—*when accuracy necessary.* Where the evidence is conflicting it is necessary that the instructions be accurate.

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

MARSH, STILWELL & FINNEY, for appellant.

A. E. SOMERS and GEORGE M. MILEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was brought by appellee against appellant in the Circuit Court of Saline county, charging that the appellant had constructed and put in operation a traction line in the Village of Carrier Mills, on Jackson street fronting his property. Appellee contends that in the construction of said line of railroad along said street, no opening of any kind was provided under its line of railroad for the passage of water, and that this condition prevailed for about a year and a half prior to the bringing of this suit. The damages sought to be recovered by appellee are for alleged injury resulting to his property from interference to his drainage caused by the construction of said railroad.

The declaration contans three counts, each charging that prior to the construction of said traction line the water naturally drained off his premises in an easterly direction.

The first count charges that appellant maintained a certain permanent embankment along the east side of his premises without openings to permit the passage of water, and that by reason thereof large quantities

of water which naturally flowed off said premises were obstructed and prevented from flowing off in its natural course.

The second count charges that the appellee has been forced to spend a large sum of money in hauling and depositing earth on the premises for the purpose of raising the surface of the said premises so as to make the same habitable and of use to him.

The third count charges that the embankment impedes what was, prior to the construction of the railroad, the natural flow of the water which naturally comes upon the lands lying adjacent to and in a northwesterly direction from his premises, and that the water is thereby dammed up upon the premises of the appellee. The damages were laid at $1,500.

To this declaration the general issue was filed. A trial was had resulting in a verdict and judgment for $150, from which judgment this appeal is prosecuted.

Numerous errors were assigned on the record. We shall consider but three: First, that the court erred in admitting evidence on behalf of appellee over objection of appellant; second, in giving improper instructions offered on behalf of appellee; and third, in modifying and in the refusal of instructions offered by appellant.

The evidence tended to show that appellee's property was quite low, and that during heavy rains it frequently flooded, both before and after the construction of appellant's railroad. Appellee was permitted, over objection of appellant, to introduce testimony to the effect that he had done certain filling on his lot at an expense of something like $150. This, in our opinion, was not proper, as appellee would not be entitled to recover for moneys expended for said purpose, and the evidence would have a tendency to confuse the minds of the jury on the measure of damages appellee would be entitled to, if any, on account of said alleged injury. In other words, it submitted to the jury an

improper element of damages. The true measure of damages being the difference in the market value of the property in question before the construction and operation of the railroad in question and its market value after the construction and operation of said railroad, without reference to any improvement the owner of the property may have placed on the same after the construction of the railroad. *Eberhart v. Chicago, M. & St. P. Ry. Co.*, 70 Ill. 347; *City of Elgin v. Eaton*, 83 Ill. 535; *Chicago, M. & St. P. R. Co. v. Hall*, 90 Ill. 45; *Springer v. City of Chicago*, 135 Ill. 552; *Beidler v. Sanitary District*, 211 Ill. 628.

Second, it is contended by appellant that the court erred in giving instructions five, six, seven, eight, nine and ten of the instructions given on behalf of appellee. The court in each of the instructions named, in substance, informed the jury that in making up their verdict they had the right to take into consideration the evidence and their view of the premises in making up their verdict. It seems, by agreement of the parties, the jury were allowed to view the premises of appellee during the trial of said cause. While in condemnation proceedings the statute authorized the jury to view the premises and to take into consideration the view of the premises along with the evidence in the case in making up their verdict, this rule does not apply in common suits of this character, and the giving of these instructions for that reason was erroneous. *Vane v. City of Evanston*, 150 Ill. 616; *Rich v. City of Chicago*, 187 Ill. 396; *Geohegan v. Union El. R. Co.*, 258 Ill. 352.

In *Geohegan v. Union El. R. Co., supra*, at page 357, the court says: "In condemnation cases the statute provides for a view upon the request of either party, and in such cases it has been held many times that the information derived from such view is to be regarded as evidence in the case. But this is an ordinary common law action, in which the purpose of the view is only to enable the jury to understand the physical

situation and apply the evidence to it.   (Citing *Rich v. City of Chicago,* 187 Ill. 396.)''

. We would not regard the error in these instructions so serious were it not for the fact that the court repeated the same in six out of the ten instructions given on behalf of appellee, thereby strongly emphasizing the same. · In this connection, it might be said that in four of the instructions given on behalf of appellant the court modified the same by inserting as a matter to be taken into consideration in fixing the damages, the words, ''and your view of the premises.''

Appellant complains of the seventh instruction given on behalf of appellee.   The court instructed the jury that if they believe from the evidence and their view of the premises that the effect of the construction of the railroad embankment, as shown by the evidence, was to damage and depreciate the premises of plaintiff, that they should find the defendant guilty and assess the plaintiff's damages.   The objection to this instruction is that the jury in fixing the damages, if any, are to take into consideration, not only the construction of the railroad, but also its operation.   In other words, appellant contends that the construction of the railroad alone might be a damage to appellee's property, whereas the construction and operation of the same, taken together, might wholly eliminate the damages or might lessen the same, and that the jury should be instructed to take into consideration, not only the construction, but the operation as well.   We think this point is well taken and that the contention of appellant is supported by the authorities.   *Metropolitan West Side El. Ry. Co. v. Stickney,* 150 Ill. 362; *City of Chicago v. Lonergan,* 196 Ill. 525; *Geohegan v. Union El. R. Co.,* 266 Ill. 482.

In *Geohegan v. Union El. R. Co., supra,* at page 497, the court in discussing this question says: ''Appellants complain of the fifth instruction given on behalf

of appellees.    It told the jury that the action was brought for damages to the plaintiffs' property arising from the 'construction' of the structure in the street for elevated railroad purposes.   The erection of the structure, alone, may have been injurious, but the question was what was the combined effect of the construction and operation.   Appellants claim that it was beneficial.   The total effect of the construction and operation of the railroad was the injury appellees had the right to complain of, if there was an injury.   The instruction should not have confined the claim to the 'construction' only.''

It is further urged by appellant that instruction No. 7 is erroneous in this, that the court assumes that the property of appellee is shown by the evidence to be damaged and depreciated by the railroad embankment on Jackson street.   We are inclined to think that this point is also well taken and that said instruction is subject to criticism in that regard.

Appellee's third and fourth instructions are also subject to the criticism above made in reference to instruction seven, in that said instruction directs the attention of the jury to the damages that follow the construction of the railroad, instead of the construction and operation of the road in question.

Appellant contends that the court erred in refusing its first and ninth refused instructions.   We have examined these instructions and are of the opinion that the court did not err in refusing the same, as both of said instructions are long and are argumentative in form and would rather tend to confuse the jury than to enlighten them on the issues.

The evidence in this case on the question of whether or not the property of appellee was damaged was conflicting.   Several of the witnesses on the part of appellant testified that appellee's property was not only not damaged, but was in fact benefited by the construc-

tion and operation of the road. We express no opinion on the weight of the evidence or on the merits of the case. Inasmuch as the evidence is conflicting it is necessary that the instructions of the court be accurate. *Illinois Cent. R. Co. v. Maffit,* 67 Ill. 431; *Chicago, B. & Q. R. Co. v. Warner,* 108 Ill. 538; *Belleville Pump & Skein Works v. Bender,* 69 Ill. App. 189.

For the errors assigned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*