### West Chicago Street Railroad Co. v. Rosa Schenker.

1. INSTRUCTIONS—*Where There is a Conflict in the Evidence.*—Where there is a conflict in the evidence the instructions should be accurate.

2. ORDINARY CARE—*The True Test to Determine What Is, etc.*—The true test and criterion to determine what is ordinary care, is that care which a reasonable, prudent and cautious man would take to avoid injury under like circumstances.

3. SAME—*By Different Persons.*—The care which a person of ordinary capacity and experience usually exercises would be very different from the care which, under the same circumstances, would be exercised by a reasonable, prudent and cautious person. It can not be said that a person of ordinary capacity and experience is usually reasonable, prudent or cautious. Such a person may be ordinarily very careless and reckless under circumstances where a prudent and cautious one would usually exercise the greatest care.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed October 27, 1898.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

A. H. VOLLINTINE, attorney for appellee; W. P. BLACK, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit against appellant for personal injuries, which resulted in a verdict and judgment in her favor,

from which this appeal was taken.    There is a serious con-
flict in the evidence as to the care of appellee as well as to
the negligence charged against appellant.    This being so,
the instructions should be accurate.    Chicago City Ry. Co.
v. Canevin, 72 Ill. App. 82, and numerous cases there cited.

Appellant complains that two instructions given for appel-
lee were erroneous.    They are, viz.:

" 2.    The court instructs the jury that it was the duty of
the defendant, when it had stopped its car for the purpose
of allowing passengers to debark therefrom, to allow said
passengers a reasonable opportunity and time for them to
alight in safety; and that the said defendant would have no
right to start its train or car while said passengers were in
the act of alighting, if such fact was known to said defend-
ant, or by the exercise of reasonable care and watchfulness
might have been so known.    And if the jury believe from
the evidence that while the plaintiff was in the act of
alighting, she was in the exercise of reasonable care for her
own safety, and that she was thrown by the starting of said
car while she was so alighting, and injured as claimed in the
declaration, and if the jury further believe from the evi-
dence that by the exercise of proper care and watchfulness
the defendant, through its servants, might have known that
the plaintiff was in the act of so alighting, then the plaint-
iff is entitled to recover in this action."

" 3.    The court further instructs the jury that the reason-
able care to be exercised by the plaintiff for her own safety
spoken of in these instructions, and which the law required
of her, is such care as persons of ordinary capacity and
experience usually exercise for their own safety under sim-
ilar conditions."

The former of these instructions omits to state clearly an
important element necessary to be established to make
appellant liable, to wit, its negligence.    It should be modified
on another trial, thus avoiding any question of ambiguity
in the instruction and of conflict between it and defendant's
instruction No. 12, which tells the jury that before the
plaintiff can recover she must prove the negligence of defend-

ant as charged in the declaration. St. Louis Bridge Co. v. Miller, 138 Ill. 474–5.

The latter instruction is erroneous in the definition there given of reasonable care by plaintiff.

In Chicago, St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587, the Supreme Court said: "The true test and criterion to determine what is ordinary care, is that care which a reasonable, prudent and cautious man would take to avoid injury, under like circumstances." To the same effect are Wabash Ry. Co. v. Elliott, 98 Ill. 484; City of Bloomington v. Perdue, 99 Ill. 333; C. & A. R. R. Co. v. Adler, 129 Ill. 340.

It might well-be that the care which a person of ordinary capacity and experience usually exercises would be very different from the care which, under the same circumstances, would be exercised by a reasonable, prudent and cautious person. It can not be said that a person of ordinary capacity and experience is usually reasonable, prudent or cautious. Such a person may be ordinarily very careless and reckless under circumstances where a prudent and cautious one would usually exercise the greatest care.

We see no objection to instruction No. 22, asked by appellant and refused, but we think its refusal was not reversible error, for the reason that in substance its material points are covered by appellant's instructions Nos. 12 and 19 given.

Appellant claims that the court should have given its 23d instruction, which is, viz.:

"23. The court instructs the jury that if they believe from the evidence that any witness who has testified in the case has been successfully impeached, then the jury are at liberty to disregard all the evidence of such witness except in so far as it is corroborated by other credible evidence, or by facts and circumstances, as shown by the credible evidence in the case."

This court in Kornaszcwska v. West C. St. R. R. Co., 76 Ill. App. 366, in an opinion filed May 9, 1898, held a similar instruction erroneous. See authorities there cited.

The judgment is reversed and the cause remanded.