# West Chicago St. R. R. Co. v. Marion Buckley.

1. STREET CAR COMPANIES—*Duty to Afford Passengers a Safe Place to Alight.*—A street car company is bound to afford its passengers a safe place to alight; it has the right to select such place, and if it does so and affords the passenger a reasonable time in which to alight at the end of his journey, its duty as a carrier is at an end.

2. SAME—*Permitting a Passenger to Alight in the Middle of a Block.* —A street car company is not bound to stop its car in the middle of a block to permit its passengers to alight there, but having done so at their request, it is still bound to use the utmost diligence for their safety in alighting.

3. ORDINARY CARE—*What Constitutes.*—What constitutes ordinary care depends upon the circumstances of each particular case calling for its exercise.

4. INSTRUCTIONS—*If the Plaintiff Has Made Out His Case as Laid in the Declaration, Erroneous.*—An instruction which tells the jury that if they believe from the evidence that the plaintiff has made out his case as laid in the declaration by a preponderance of the evidence. then they should find the defendant guilty and should assess his damages, if any, at such sum as they believe from the evidence will fairly compensate him for the injuries, if any, suffered by reason of the injury complained of, is erroneous.

5. JURY—*Error to Permit the Declaration to be Taken to Their Consultation Room.*—It is error to permit the jury to take with them when they retire to consult upon their verdict, a declaration containing withdrawn counts, but is not reversible error in this case.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the March term; 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—This was an action brought by Marion Buckley against the West Chicago Street Railroad Company to recover damages for personal injuries received by the plaintiff when struck by one of the defendant's electric cars. The accident occurred about 6 o'clock in the afternoon of April 21, 1896. The plaintiff, who was an elderly lady, was a passenger upon one of the defendant's Van Buren street cars going east. She desired to leave the car at Hermitage avenue, but owing to some misunderstanding between herself and the conductor the car did not stop at

Hermitage avenue nor at Paulina street, the next street east of Hermitage. Observing that the car had gone by her destination, she requested the conductor to stop the car at once. He did so, and let her off at a point about eighty feet east of Paulina street, and not at a street crossing. She left the car, which was a closed car, by the rear platform, and going behind the car across the street was struck and injured by a car coming from the opposite direction upon the other track.

There were three counts in the declaration. The first charged that the servants of appellant negligently, carelessly and improperly managed the west-bound car. The third count was the same as the first except it charged that the servants of the defendant did not bring the same to a stop or under control at the point where the east-bound car was stopped for the purpose of permitting the plaintiff to alight, but the servants of the defendant so negligently, carelessly and recklessly drove the west-bound car that it struck appellee. The second count differed from the first in that it is alleged the conductor of the east-bound car gave no notice either to the appellee or to appellant's servants in charge of a car which was then and there coming from the east on the northerly track, by means whereof the plaintiff, while in the exercise of due care and caution, by reason of the negligence and want of care of the said conductor, was struck with great force and violence by the west-bound car. Upon the closing argument of the case counsel for appellee asked leave of court to withdraw the second count, and that count was then and there dismissed and therefore withdrawn from the consideration of the jury.

There was a verdict for the plaintiff in the sum of $3,000. Judgment was entered on the verdict, and from this judgment the defendant appeals.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

KERR & KERR, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The plaintiff, being a passenger upon appellant's car, it was bound to exercise the highest degree of diligence for her safety. Appellant was not bound to stop its car in the middle of a block and permit her to alight there; having done so, although at her request, it was still bound to the utmost diligence for her safety in alighting.

Appellant urges that appellee ceased to be a passenger as soon as she stepped upon the street.

A carrier is bound to afford passengers a safe place at which to alight; it has the right to select such place and if it do so and afford the passenger a reasonable time in which to depart, the end of his journey having been reached, its duty as a carrier is at an end. Hutchinson on Carriers, Secs. 612–613.

Having the right to select the place at which the passenger is to alight, it must select a safe place. (Hutchinson on Carriers, Sec. 615; Cox v. Ledward, 124 Penn. St. 435.) Appellant contends that it did this. If this be granted, and that appellee had ceased to be a passenger, appellant was still bound to the exercise of ordinary care toward her.

Having invited her to alight in the middle of the street, eighty feet from a crossing, it knew where she was and was bound to run its west-bound car with at least ordinary care for her safety. Instead of doing this, it rushed the west-bound car past the one from which it knew she had just alighted—in such a manner and at such a speed that she was knocked down and carried, as one witness states, one hundred to one hundred and fifty feet ere she had time to reach a sidewalk.

What constitutes ordinary care depends upon the circumstances which call for its use. The circumstances of this accident were such that the jury was warranted in finding, as it did, that appellant did not exercise ordinary care for the safety of appellee.

Before the cause was submitted to the jury appellee withdrew the second count of the declaration. Thereafter the court gave the following instruction:

" If the jury believe from the evidence that the plaintiff

West Chicago St. R. R. Co. v. Buckley.

has made out her case as laid in the declaration by a pre-ponderance of the evidence, then they should find the defendant guilty and should assess the plaintiff's damages, if any, at such sum as they believe from the evidence will fairly compensate the plaintiff for the injuries, if any, suffered by her by reason of the injury complained of, but not exceeding the amount claimed in the declaration."

The three counts of the declaration were bound together; the court, against the objection of the defendant, allowed the jury to take the declaration to its consultation room.

Although the objection should have been more specific, that is, it should have been directed to the second count, we think the court erred. The giving of an instruction such as was given here, as to the jury finding that the plaintiff has made out her case as laid in the declaration, has frequently been declared by the Supreme Court to be error.

Is the error in permitting the jury to take the declaration such that the judgment should be reversed therefor?

The evidence of negligence is clear; it is not such that we can say appellee did not exercise ordinary care; the verdict is not excessive; the merits of the case are plainly with appellee. The negligence charged in the first count of the declaration was established; and we do not think that the jury were in any way influenced by the contents of the withdrawn second count. The jury carried with them to the room the withdrawn count; this was due to the fact that appellant did not specifically ask that it should not be taken by them. It had ceased to be a part of the declaration, and the court, it must be presumed, would not have, by inattention, treated it as yet in the case, had appellant called its attention to the then existing condition.

It is said that the court should have permitted counsel for appellant to read the testimony of Byron W. Guyer given at the former trial. Unless this testimony was material and admissible it was not error to refuse to permit it to be read. What it was we do not know, as none of it is contained in the bill of exceptions.

Finding no error requiring a reversal of the judgment, it is affirmed.