## Georgia Slocum, Appellee, v. Peoria Railway Company, Appellant.

## Gen. No. 5,732.

1. CARRIERS—*stopping car at unsafe place.* Where the gravamen of the charge in a declaration is that the defendant street railroad company did not furnish the plaintiff, while a passenger, a safe place to alight, but negligently directed her, on a dark night, to alight at an improper and dangerous place, which it knew, or might with reasonable care have known was unsafe, and that she, while using due care for her own safety, in stepping from the car, had her ankle turned by reason of the rough and broken condition of the street, causing her to fall and be injured, etc., a cause of action is averrrd.

2. CARRIERS—*stopping car at unsafe place.* A street railway company, having the right to select the place at which a passenger is to alight, must select a safe place, and while it may not be responsible for the condition of a street, unless it be between or ·in the immediate vicinity of its tracks, it is liable to a passenger, injured, without his own fault, in consequence of its stopping a car for passengers to alight at an improper or dangerous place, which it knows, or should know, with reasonable care is unsafe, especially when no warning is given the passenger.

3. CARRIERS—*stopping car at unsafe place.* Where a passenger is induced to alight from a street car in darkness, at a place where the street is being repaired and in a rough and unsafe condition, and steps from the car on a loose brick and is injured in falling, before she is clear of the car and while still a passenger, the company is liable for negligence in causing her to alight at an unsafe place, and there is no question of proximate cause.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

PINKNEY & McROBERTS, for appellant.

CLARENCE W. HEYL and SHELTON F. McGRATH, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellee, Georgia Slocum, was in the evening of December 29, 1911, a passenger on a street car of the appellant company in Peoria, Illinois; she was going home and desired to alight at the crossing of Armstrong avenue; that crossing was paved, but the street on which the car was proceeding was beyond that point in a rough condition occasioned by work that had been done thereon and suspended previous to this time because of freezing weather; she told the conductor she wished to alight on Armstrong avenue but he ran the car fifty feet or more past the avenue to a siding and then stopped; she and two or three other passengers then got off the car at the invitation of the conductor and in his presence; it was dark, the ground was frozen and uneven and the distance from the lower step of the car was greater than if it had been standing at the intersection of the street on the pavement; as she stepped down one foot struck on a brick or chunk of frozen earth turning her ankle; she fell to the ground receiving an injury to the ankle from which she had not entirely recovered at the time of the trial in May, 1912. The street was not lighted at the avenue crossing or at the point where the accident occurred. She did not know when she stepped from the car whether she was at the crossing or not, and was not warned by any one of any danger of alighting at that place. The street at that point had for some time been in a rough condition that was or should have been known by appellant. The case was tried on a declaration averring the facts substantially as above stated without much controversy about them in the evidence, and resulted in a verdict and judgment for $460. Appellant proved on the trial that the part of the street on which appellee stepped from the car was outside of the strip which it was required by ordinance to keep in repair, and urges here that it is therefore not liable for the injury and that it was not actionable negligence to run past the street crossing before stopping to permit appellee to alight. It is also insisted that the declara-

tion did not state a cause of action and is bad on motion to arrest. These questions are properly preserved for our consideration. The declaration charges a duty of defendant to furnish plaintiff a reasonably safe place in which to alight, that it was dark and the car stopped at a place where the condition of the street was dangerous and unsafe, that the defendant negligently directed plaintiff to alight at that place and that it knew or by the exercise of reasonable diligence could have known that it was dangerous and unsafe. These allegations of duty and negligence were coupled with the averment that the defendant negligently ran by the street crossing; that was only descriptive of the situation. The gravamen of the charge is that appellant did not furnish appellee, its passenger, a safe place to alight from its car, but invited her to alight at an unsafe place and one which it knew or might with reasonable care have known was unsafe, and that she while using due care for her own safety in stepping from the car stepped upon a portion of said street which was in such a rough and broken condition as to cause her left ankle to turn, etc.

It is not material whose duty it was to keep the streets in proper condition. If appellant knew or should have known that the street was unsafe, it was its duty to warn its passengers of the fact, and if necessary stop its car at some other place that was safe. The substance of the charge is not that appellant failed to stop at the crossing or failed to keep the street in repair but that it invited appellee, its passenger to alight in an unsafe place. If there had been a deep excavation in that part of the street known to appellant and it had stopped its car at the brink and invited or even knowingly permitted its passengers to there alight, it would hardly occur to anyone that it could base a defense on the fact that it was in no way responsible for the condition of the street. "While a street railway company may not be responsible for the condition of the street, unless it be between or in the

immediate vicinity of its track, yet it will be liable to a passenger injured without his own fault, in consequence of stopping its car for the passenger to alight, at an improper or dangerous place, especially where no warning of the danger is given to the passenger." Thompson on Negligence, Vol. 3, sec. 3525. A carrier "having the right to select the place at which the passenger is to alight, it must select a safe place." West Chicago St. R. Co. v. Buckley, 102 Ill. App. 314. "A street railway company is not responsible for the condition of the streets on which it operates its cars, but it is bound to exercise proper care to stop its cars for the discharge of passengers at a safe and suitable place for that purpose." Stewart v. St. Paul City Ry. Co., 78 Minn. 110. The declaration stated a cause of action and is supported by the evidence.

It is argued that the act of the defendant was not the proximate cause of the injury. There are some reported cases where the act complained of was carrying the passenger beyond his destination and he was injured in returning by the negligence of some third party. That condition raises that question, but here appellee was injured before she was clear of the car, while she was still a passenger, by the negligence of appellant in causing her to alight at that place; there is no question of proximate cause here. Appellant offered and the court refuse instructions embodying its view of the law as heretofore stated and held untenable. The court did not err in refusing these instructions.

Finding no error in the record the judgment is affirmed.

*Affirmed.*