## Eugenie J. Crisler, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,889.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon.
THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded.
Opinion filed March 28, 1917.

### Statement of the Case.

Action by Eugenie J. Crisler, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for personal injuries sustained by plaintiff while alighting from defendant's street car. From a judgment for plaintiff for $2,600, defendant appeals.

WARNER H. ROBINSON and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

ROBERT W. DUNN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1639*—*when instruction on preponderance of evidence is not reversibly erroneous.* In an action to recover damages for personal injuries, an instruction as to preponderance of evidence which enumerated various matters to be considered by the jury but omitted any reference to the number of witnesses testifying pro and con, and concluded that from all these circumstances the jury should determine the preponderance of the evidence, *held* to be misleading but not reversibly erroneous, having been cured by other instructions.

2. NEGLIGENCE, § 213*—*when instruction enumerating facts constituting is misleading.* In an action to recover damages for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section numbers.

Crisler v. Chicago City Ry. Co., 204 Ill. App. 491.

personal injuries, an instruction attempting to enumerate facts which, if proven, would constitute negligence as a matter of law, *held* not to be good practice and to be misleading, as the jury should determine whether the facts constitute negligence.

3. CARRIERS, § 487*—*when instruction on liability of street railroad for injuries to passenger alighting from car is erroneous.* In an action to recover damages for personal injuries sustained while plaintiff was alighting from defendant's street car, an instruction that defendant was not an insurer of the safety of its passengers, *held* to be inapplicable to the evidence and to tend to obscure the issue.

4. CARRIERS, § 482*—*when instruction on amount of proof in action for personal injuries is erroneous.* In an action to recover damages for personal injuries sustained by a passenger while alighting from a street car, an instruction that plaintiff was only required to make out her case by a preponderance of the evidence and that any evidence, circumstantial or positive and direct, which tended to produce belief in the minds of the jury was proper to be considered by them in determining whether the defendant was guilty, *held* to be of no assistance to the jury in determining whether plaintiff was given sufficient time after the car had stopped to alight therefrom or whether she attempted to alight before it had stopped, which were the only questions involved, and to be confusing.

5. INSTRUCTIONS, § 6*—*when accuracy essential.* Where the right to recovery in a case is doubtful, it is essential that instructions accurately state the law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.