234

Frances Elmore, Appellee, v. Walter J. Cummings, Receiver, et al., Trading as Chicago Surface Lines, Appellants.

Gen. No. 42,743.

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed January 24, 1944.

FRANK L. KRIETE, ERWIN H. WRIGHT and ARTHUR J. DONOVAN, all of Chicago, for appellants; WILLIAM J. FLAHERTY, of Chicago, of counsel.

MARION J. HANNIGAN and WENDELL H. SHANNER, both of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant, Chicago Surface Lines, appeals from a judgment against it for $3,000, entered in a personal injury action upon a complaint charging that defendant's streetcar was negligently started or moved while plaintiff was boarding it.

The errors assigned and argued are that the verdict is against the manifest weight of the evidence and that the trial court erred in giving, refusing and modifying certain instructions.

Plaintiff testified that as she was boarding the streetcar at a regular stopping place, the car having stopped and the door being open, she stepped upon the first

step and was about to put her right foot onto the platform when the car suddenly lurched or started, causing her to fall on the platform with her right leg under her, causing injury. Her testimony is supported by another witness.

Defendant produced the motorman and conductor and four passengers. All these witnesses testified that the car did not start, lurch or move in any manner until after plaintiff had fallen. Brown, a passenger, stated that plaintiff had stepped on the first step and as she was making the next step she tripped and plunged in the car. Rowley, a passenger, said that his attention was first directed to plaintiff when she fell, and "I guess that was all I saw." Clancy, another passenger, testified that he "didn't notice her until she fell." Somers, another passenger, and the two trainmen, each testified that plaintiff was on the platform when she fell. The evidence is in direct conflict, dependent upon the observation of the respective witnesses and without circumstances or physical facts to support or detract from the testimony of the witnesses. The jury and the trial court, who saw and heard the witnesses, were in a better position to determine the weight of the testimony and credibility of the witnesses than the reviewing court, and we cannot say that the verdict is against the manifest weight of the evidence.

Objection is made to instruction No. 8, given on behalf of the plaintiff, as follows: "It is the duty of common carriers to do all that human care, vigilance and foresight can reasonably do, under the circumstances and in view of the character and the mode of conveyance adopted, and consistent with the practical prosecution of their business, reasonably to guard against accidents and consequential injuries to their passengers, and if they neglect so to do they are to be held strictly responsible for all consequences which follow from such neglect; while the carrier is not an insurer for the absolute safety of the passengers, it

does, however, in legal contemplation, undertake to exercise the highest degree of care consistent with the practical operation of its business and the mode of conveyance adopted for the safety of the passengers, and is responsible for the slightest neglect, resulting in injury to the passenger, if the passenger is, at and before the time of the injury, exercising ordinary care for her own safety." This is an instruction commonly given and as to which frequent objection has been made. Defendant objects to that part holding it as a common carrier responsible "for the slightest neglect, resulting in injury to the passenger. . . ." Instructions containing this phrase have been approved in a number of cases, including *Chicago & Alton R. Co. v. Byrum,* 153 Ill. 131, *Chicago City Ry. Co. v. Shaw,* 220 Ill. 532, and *Maciejewski v. Richardson,* 307 Ill. App. 669 (Abst.), relied upon by plaintiff. In the *Byrum* case the specific objection urged here was not raised. The Supreme Court did not analyze the instruction but said it stated the law correctly and was properly given, and cited several cases. The only case cited dealing specifically with the objection now made is *Galena & Chicago Union R. Co. v. Fay,* 16 Ill. 558. There the court, in speaking of the responsibility of a common carrier, said (568): "The degrees of care, vigilance and skill are the highest, and the responsibility is for the least neglect known to the law short of insurance." But in speaking of the instructions, said (569–570): "The degrees of care of the plaintiffs, and negligence of defendant, as presented in the ninth and tenth instructions given for defendant here, are not accurately presented. The 'utmost possible care,' and 'slightest neglect,' are superlative terms, unsafe and improper to be indulged in, as expressive of the requirements of the law, while it requires, at the same time, the highest degree of the one, and charges for slight neglect." In the *Shaw* case the Supreme Court said (539): "The words in

the instruction that are complained of are 'slightest negligence.' Practically the same instruction, with the same words complained of, was before this court in the case of *Chicago and Alton Railroad Co. v. Byrum,* 153 Ill. 131, and cases cited on page 135, and the giving of the same was approved. We do not feel at liberty to overrule what was said in that case, and are of the opinion that the instruction stated the law correctly." In the *Maciejewski* case the second division of this court sustained the instruction against objection to the same phrase, relying upon the *Byrum* and *Shaw* cases, as well as *Sczuck v. Chicago Rys. Co.,* 229 Ill. App. 325, and said: "Our attention has been called to several Appellate Court decisions of more recent date where the instruction was criticized for the same reason now urged by defendants. (*Webber v. Chicago City Rys. Co.,* 267 Ill. App. 605, . . . *Otto v. Richardson,* 274 Ill. App. 649, . . . .) So far as we have been able to ascertain the Supreme Court had never reversed or modified its views as to the validity of the instruction in question and we feel ourselves bound under the circumstances to adhere to the ruling of the Supreme Court. (*Waxenberg v. Brown,* 299 Ill. App. 225, 234; *Hibbard, Spencer, Bartlett & Co. v. City of Chicago,* 299 Ill. App. 614.)"

Defendant cites three cases where instructions identical with or substantially similar to instruction No. 8 were considered. The earliest case (*Webber v. Chicago City Ry. Co.,* 267 Ill. App. 605 (Abst.) involved an instruction defining the duty of a common carrier, containing the following: "While the law does not make a common carrier an insurer of the safety of its passengers, that fact does not in the slightest degree relieve such carrier of its legal duty . . . ." In considering the instruction this court said: "A carrier is not an insurer of the safety of the passenger, and this is a limitation on the rule of highest degree of care. By the use of the words in the instruction 'in

the slightest degree,' the jury would be encouraged to extend the rule requiring the highest degree of care beyond the limitation of the non-insurer rule. The words criticized tend to negative the non-insurer rule. This instruction is improper and should not have been given." That case was followed in *Otto v. Richardson,* 274 Ill. App. 649 (Abst.), where the instruction being considered held the defendant responsible "for the slightest negligence resulting in injury." This court said: "The rule originally did not, so far as we are informed, go so far as to make a defendant liable for the 'slightest neglect.' The use of that word in an instruction in a case of this kind would seem to leave very little for a jury to decide. It would (if applied to this class of cases) tend to impair the noninsurer rule. In *Webber v. Chicago City Ry. Co.,* 267 Ill. App. 605, this court held that an instruction which told the jury in substance that, while a common carrier was not an insurer of the safety of passengers that did not 'in the slightest degree' relieve the carrier of its duty to exercise the highest degree of care, etc., was erroneous, and that by such an instruction the jury would be encouraged to extend the rule requiring highest degree of care beyond the limitation of the noninsurer rule." These cases were followed in *Live Stock Nat. Bank of Chicago v. Richardson,* 304. Ill. App. 591 (Abst.), where the third division of this court, citing the last two cases mentioned, said: "The rule that a carrier is not an insurer of the safety of the passengers is a limitation on the rule of highest degree of practicable care. We are of the opinion that the part of the instruction which told the jury that the carrier is responsible for the slightest neglect was calculated to minimize the non-insurer rule and to encourage the jury to extend the highest degree of care rule to the prejudice of defendants."

We have not been referred to and do not find a case in the Supreme Court later than the *Shaw* case dealing

with this particular objection to the instruction. However, defendant directs attention to several much later decisions of the Supreme Court in which the use in an instruction of the adjectives "clear" and "slight," and the phrase "although but slightly," in connection with the preponderance of the evidence, has been criticized as tending to minimize or maximize the weight of the evidence on one side or the other. In *Teter v. Spooner*, 305 Ill. 198, a will contest, the court, in considering an instruction requiring proof by clear preponderance of the evidence, said (211): "The use of the adjectives 'slight' and 'clear' with reference to the preponderance of the evidence required to sustain an issue is only confusing to the jury. They ought not to be used in instructions in any case. . . . The effect of the adjectives is merely to confuse the jury and invite them to minimize or maximize the weight of the evidence on one side or the other. Such instructions ought not to be given." In *Reivitz v. Chicago Rapid Transit Co.*, 327 Ill. 207, the court gave an instruction authorizing recovery if the evidence "preponderates in her favor, although but slightly," and another requested by defendant telling the jury that the court did not mean by the former instruction "that the plaintiff is necessarily entitled to recover upon slight evidence merely." The Supreme Court said (210): "This form of instruction is the natural product of our system of advising the jury of the law applicable to the case by instructions formulated not by the judge but by the advocate, who endeavors to state the law as strongly as possible in behalf of his client. Both instructions should have been refused." In *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, the court again criticized an instruction permitting recovery upon evidence preponderating "although but slightly," and said (172): "This part of the instruction has also been criticized on many occasions. It indicated that the preponderance of the evidence was a small matter,

and sought to minimize, and thus reduce to the lowest limit, the requirement of a preponderance of the evidence." In *Wolczek v. Public Service Co. of Northern Ill.,* 342 Ill. 482, in holding a similar instruction to be error because of the closeness of the evidence, the court said (495): "This instruction has been repeatedly condemned as argumentative and as tending to emphasize the weight of the plaintiff's evidence. (*Reivitz v. Chicago Rapid Transit Co.,* 327 Ill. 207; *Teter v. Spooner,* 305 id. 198.)" These cases and *Galena & Chicago Union R. Co. v. Fay,* 16 Ill. 558, support condemnation of the instruction now complained of as tending to minimize the noninsurer rule and thereby magnify the degree of care required of a carrier.

Defendant objects to modification of instructions 39 and 40. Instruction 39, as tendered, told the jury that the burden was not upon the defendant to prove it was not guilty but was upon the plaintiff to prove the specific negligence charged and that plaintiff was in the exercise of ordinary care for her own safety, and concluded with the following: "and this rule as to the burden of proof is binding in law and must govern you in deciding this case. You have no right to disregard said rule or to adopt any other in lieu thereof, but in considering the evidence and coming to a verdict you should adhere strictly to this rule." The court modified the instruction by eliminating the part quoted. This was proper. The part eliminated stated a rule applicable to all the instructions of the court, and when made a part of one, as here attempted, gave special and undue emphasis to that instruction. In view of the direct conflict in the evidence it was particularly obnoxious. All of instruction 40 was included in given instruction 6.

Defendant also objects to the refusal to give instruction 23, as follows: "If you believe from the evidence, under the instructions of the court, that while voluntarily boarding the car in question on the occa-

sion in question the plaintiff slipped, lost her balance, or missed her footing, and fell and was injured without the negligence of the defendants, as charged, then the plaintiff cannot recover in this case, and your verdict must be in favor of the defendants.'' This instruction states defendant's theory of the case, that plaintiff's fall was due to some cause other than its negligence. One of defendant's witnesses testified that as plaintiff was stepping from the first step to the platform she tripped, and other witnesses said that she fell after getting upon the platform. From this evidence the jury might draw an inference that slipping, losing her balance or missing her footing caused the fall. The instruction should have been given. *Chicago Union Traction Co. v. Browdy,* 206 Ill. 615, 623; *Keokuk & H. Bridge Co. v. Wetzel,* 228 Ill. 253, 259.

Objection is made to the refusal to give defendant's instructions 24, 26 and 36. The substance of these instructions were included in other instructions given on behalf of defendant, except a part of instruction 26, as follows: ''The happening of an accident does not raise a presumption of negligence on behalf of the defendants.'' The reasons why this statement should not be included in an instruction are fully stated in *Minnis v. Friend,* 360 Ill. 328, 337, 338, and the cases there cited.

Objection is also made to the refusal to give instruction 31. This is a stock, cautionary instruction against sympathy, etc., and undoubtedly would have been given had only a reasonable number of instructions been tendered. This case involved the very simple issue of whether the streetcar moved as plaintiff was attempting to board it. Defendant tendered 31 instructions. The court gave 11, properly modified 2 and refused 18. As objection is made to the refusal of only 5, defendant confesses that the remaining 13 were duplications, erroneous or inapplicable. We have approved the refusal of three of the instructions submitted to us.

Thus, more than half of the instructions tendered by the defendant were improper. No judge intent on a reasonable dispatch of the business of his court can be expected to examine such a mass of carelessly assembled instructions. Presentation of so many increase the possibility of error and is an imposition on the court.

The evidence being in direct conflict, the judgment is reversed and the cause remanded because of the giving of instruction 8 and the refusal of instruction 23.

*Reversed and remanded.*

O'Connor, P. J., and Matchett, J., concur.