Elijah Townsend, Appellant, v. Chicago Transit Authority, and Mueller Transportation Company, Appellees.

Gen. No. 46,098.

77

Opinion filed December 15, 1953. Rehearing denied January 5, 1954. Released for publication January 5, 1954.

DIRECTOR & LIEBENSON, of Chicago, for appellant; HAROLD A. LIEBENSON, and PHILIP Z. LEVINSON, both of Chicago, of counsel.

THOMAS C. STRACHAN, JR., JAMES O. DWIGHT, ARTHUR J. DONOVAN, and MICHAEL A. GERRARD, all of Chicago, for certain appellee; MICHAEL A. GERRARD, of Chicago, of counsel.

VAN DUZER, GERSHON & QUINLAN, of Chicago, for certain other appellee; JOHN B. VAN DUZER, and HORACE W. JORDAN, both of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff, while a passenger on a streetcar of defendant Chicago Transit Authority, was injured as a result of a collision between the streetcar and a truck owned by defendant Mueller Transportation Company. From judgment on verdict of not guilty as to both defendants, plaintiff appeals.

It is contended that the verdict is against the manifest weight of the evidence; that improper questioning was permitted to plaintiff's prejudice; that error was committed in the giving of certain instructions offered on behalf of defendants.

The accident occurred on October 20, 1951 near the intersection of Ashland avenue and 35th street in the City of Chicago. Plaintiff, then employed as a machine operator for Armour and Company, was riding on the front platform of the streetcar. There was evidence that he was knocked through the door to the interior of the car, and after complaining of injury to his head, legs and back to one of the members of the crew, was taken to the Peoples Hospital. He remained in the

79

hospital for six days. We are not further concerned here with the nature and extent of his injuries.

Defendants do not deny the accident, but the defendant Transit Authority maintains substantially that the transportation company's truck swerved from the lane of traffic to the right of the streetcar tracks, whence it had been traveling, onto the tracks and then made a sudden stop at 35th street without signaling, thereby causing the streetcar to strike the truck. The transportation company defends substantially upon the proposition that the truck was being operated near the right rail ahead of the streetcar as it proceeded northward on Ashland avenue; that about 250 feet from the intersection with 35th street the truck began to slow down, as the traffic light was red for Ashland avenue traffic and there were several cars stopped at the light facing north on Ashland; that as the truck came up to these cars the light changed to green and the cars started ahead; that the truck was going not over 10 miles per hour and it continued ahead; that when the car directly ahead of the truck reached the corner it started to turn right without making any signal and the truck stopped to avoid striking this turning car and was hit in the rear by the streetcar. The truck driver insisted that at no time did he swerve in front of the streetcar, but continued to operate his truck in a straight line near the right or east rail of the streetcar tracks for a considerable distance prior to the collision.

Other than the medical testimony and that of one passenger all the evidence was adduced by interested witnesses, the motorman and the truck driver having been called by the plaintiff under section 60 [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060]. No contention is made by either party that there was any contributory negligence on the part of plaintiff. The undisputed evidence indicates

that he was injured as a result of the action of one or both of these defendants. Upon such facts the verdict can neither be understood nor countenanced. Both defendants here make the same arguments that apparently were made before this jury, namely, that the codefendant's negligence was responsible for the accident, and each asked to have the judgment on the verdict sustained as to it. We think the ends of justice best served by remanding this case for a new trial as to both defendants.

Inasmuch as the case must be tried again, we will consider further assignments of error.

 The practice of laying foundation for impeachment by questioning and then failing to follow up by proof, as was done here by defendant Transit Authority, is to be strongly criticized. We trust that on a retrial of this case there will be no repetition of this offense.

Instruction 19 given at the request of defendant Chicago Transit Authority is as follows:

"The court instructs the jury that if they believe, from all of the evidence in the case, that while the defendant, Chicago Transit Authority, and its servants were, if they were, exercising ordinary care, the defendant, Mueller Transportation Company, at the time and place of the accident in question, suddenly and unexpectedly, and without knowledge of the defendant, Chicago Transit Authority, suddenly drove its truck upon the defendant, Chicago Transit Authority's track, then, in order to charge the defendant, Chicago Transit Authority, with a duty to avoid striking the truck of the defendant, Mueller Transportation Company, the plaintiff must show by a preponderance of the evidence in the case, that the circumstances were of such character that the defendant, Chicago Transit Authority's motorman had an opportunity to become conscious of

the facts giving rise to such duty, and a reasonable opportunity, in the exercise of ordinary care and caution, to perform such duty. And if the jury further believe from the evidence, that the facts as shown by the evidence do not charge the defendant, Chicago Transit Authority, and its servants with a duty as thus defined, or if the jury believe from all the evidence, that the defendant, Chicago Transit Authority, and its servants, did not have a reasonable opportunity, in the exercise of ordinary care, to perform such duty as thus defined, then they should find the defendant, Chicago Transit Authority, not guilty. And if the jury believe from the evidence in the case, that the truck of the defendant, Mueller Transportation Company, suddenly and unexpectedly was driven across and upon the track, in front of the car of the defendant, Chicago Transit Authority, which occasioned the injury and that the motorman in charge of said streetcar, did all that could be done, in the exercise of ordinary care to avoid the accident in question, then the plaintiff cannot recover in this case against the Chicago Transit Authority."

██ ██ We are of the opinion that it was error to give such an instruction in a case where plaintiff was a passenger. Four times in the instruction it was indicated that if the defendant streetcar company was in the exercise of ordinary care in operating its car and that the collision with the truck occurred notwithstanding, plaintiff could not recover. It is fundamental that a common carrier owes its passengers the highest degree of care, and the effect of this instruction was to persuade the jury that something less than such a degree of care might be substituted. Counsel for the Transit Authority state that the instruction is taken verbatim from *Chicago Union Traction Co. v. Browdy,*

206 Ill. 615. The cited case involved a situation where the driver of a vehicle upon the street, which was struck by defendant's streetcar, brought suit for damages. No passenger-carrier relationship was involved in the case where the instruction was given, and a casual reading of the opinion indicates that it is not authority for the proposition cited.

Complaint is made of instruction 17, which is as follows:

"The plaintiff does not make out a case against the defendant, Chicago Transit Authority, by proving the happening of the accident and an injury; before the plaintiff can recover he must prove by a preponderance of the evidence, not only that he was in the exercise of such due care for his own safety, but must also prove by a preponderance of the evidence that the said defendant, Chicago Transit Authority, was guilty of the negligence charged in the complaint and that such negligence, if any, caused or contributed to the injury, if any. And it does not devolve upon the defendant, Chicago Transit Authority, to show that it was not guilty of the specific negligence charged against it, but the law is, that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the said defendant, Chicago Transit Authority was guilty of such negligence, and unless the plaintiff proves all of these matters by a preponderance of the evidence, he cannot recover."

██ ██ While we would not be disposed to reverse this case for the giving of this instruction, we think the instruction might better have been refused, for the reasons, first, that it is argumentative, and second, it seems to place in issue the question of whether or not plaintiff was in the exercise of due care and caution for his own safety at the time of the accident. In this

case we find no evidence whatsoever that plaintiff was not in the exercise of due care and caution for his own safety at the time of the accident.

Accordingly, the judgment of the circuit court of Cook county is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

SCHWARTZ, P. J. and ROBSON, J., concur.