Vera Sims, Appellee, v. Chicago Transit Authority, Appellant.

Gen. No. 45,820.

First District, Second Division.

June 28, 1955.

Rehearing denied October 11, 1955.

Released for publication October 11, 1955.

Thomas C. Strachan, Jr., James O. Dwight, Marion J. Hannigan, Arthur J. Donovan, and John W. Freels, all of Chicago, for appellant.

Bruce Parkhill, of Chicago, for appellee.

MR. JUSTICE ROBSON delivered the opinion of the court.

The Supreme Court has reversed this court's decision in Sims v. Chicago Transit Authority, 351 Ill. App. 314, and has remanded the case to this court with directions to decide the issues relating to defendant's motion for new trial. We are, therefore, called upon to decide two questions: 1. Was the verdict contrary to the manifest weight of the evidence? 2. Was it reversible error to allow the issue of the carrier and passenger relation to go to the jury?

As to the first point, the evidence as set forth in our previous opinion is that shortly before the accident plaintiff got off defendant's car in the middle of the block. Cars were lined up ahead of the streetcar from which she alighted as far as the intersection. She had the choice of going to the west curb which was closest to her, then to the street intersection where the crosswalks were blocked and where pedestrians were crossing, or of going through the narrow passage between two cars and picking her way across the southbound tracks and then to the curb on the opposite side of the street. In choosing this latter course, her vision of any car which might be approaching was neces-

24

sarily obscured. A car was approaching from the opposite direction and as plaintiff approached the northbound track she was injured [the theory of plaintiff was that she threw up her hands and was then so close to the northbound track that her hand was struck by the louver (a ventilating lid projecting a few inches from the car) and she was thrown to the ground].

In our previous opinion we had concluded that she was guilty of contributory negligence as a matter of law. That question has been resolved by the Supreme Court, and as the facts upon which that conclusion was reached do not differ materially from those set out in our previous opinion we conclude there is no evidence for us to weigh on that point. We proceed therefore to a discussion of the question of the manifest weight of the evidence.

There was a sharp conflict in the evidence as to the rate of speed the streetcar was going just prior to the time of the accident and before it struck the plaintiff. The estimates of the witnesses as to speed varied from six to twenty miles an hour. There was a sharp conflict as to whether or not a gong was sounded. There was a sharp conflict as to whether or not plaintiff rushed between the cars or proceeded slowly. The testimony of plaintiff's witnesses in each instance supported one set of facts and defendant's witnesses, who were greater in number, supported another. The trial judge who heard and saw the witnesses approved the verdict by his denial of defendant's motion for new trial. When the testimony is contradictory this court will not substitute its judgment as to the weight to be given the testimony and as to the credibility of the witnesses for that of the trial court which heard and saw them. Bellm v. Henry, 336 Ill. App. 525, 532; Olin Industries, Inc. v. Wuellner, 1 Ill.App.2d 267, 271.

▄ In the light of the analysis of the record and the law as set forth in the opinion of the Supreme Court pertaining to the question of due care and in

25

view of the conflicting statements of the witnesses as to the speed of defendant's streetcar, the sounding of the gong and the manner in which plaintiff proceeded between the streetcars, we cannot now say that the verdict was against the manifest weight of the evidence.

As to the question of the submission to the jury of the issue of carrier and passenger relationship and its effect upon the verdict in this case, in our previous opinion we reached the conclusion that plaintiff had ceased to be a passenger prior to the accident. The Supreme Court in its opinion said (pp. 65–66): ". . . the place where plaintiff was discharged was as reasonably safe as the circumstances permitted. Therefore, it can properly be found that plaintiff ceased to be a passenger, and that defendant owed her only the duty of ordinary care. (West Chicago Street Railway Co. v. Buckley, 102 Ill. App. 314.)" We understand this as confirming our finding that the relationship of passenger and carrier had ceased.

It was therefore error for the court to have submitted the issue of carrier and passenger relationship to the jury. The question is whether that constituted reversible error. This is not an error in the form of the instruction but a substantial error which has to do with the standard to be applied by the jury in measuring the duty owed by the defendant. Moreover, it is not only a difference in the measure of duty, but a broader aspect which we must consider. The difference is between the application of "highest degree of care consistent with practical operation" owed by defendant to plaintiff as a passenger and the ordinary care owed to a pedestrian. But the practical effect of applying the carrier-passenger doctrine is often tantamount to saying that defendant was an insurer of plaintiff's safety. To reach a conclusion on this point there are certain matters that we must take into consideration. The record reveals that when defendant

26

made its motion for directed verdict at the close of all the evidence the question of the carrier-passenger relation was raised by it and argued by the parties before the court outside the presence of the jury. The court overruled defendant's motion. At the same time the court granted plaintiff leave to amend the charges of negligence in her complaint by inserting the following language: "In failing to afford plaintiff, as a passenger on the said southbound streetcar, a safe place to alight," in lieu of the following language which was in the complaint: "In causing the plaintiff as a passenger on the said southbound streetcar to alight therefrom at a point that was in the middle of a block and not at a street intersection."

Among the instructions given for plaintiff was one which reads as follows:

"You are further instructed that the relation of carrier and passenger does not terminate until the passenger has alighted from the streetcar and left the place where passengers are discharged and the duty of the carrier to its passenger continues until the passenger has had a reasonable time in which to leave the alighting place. If you find from the evidence and under the instructions of the court that the plaintiff before the occurrence in question was a passenger on a streetcar operated by the defendant and thereafter alighted from that streetcar, and if you further find that before being injured she had a reasonable time in which to leave the alighting place, then you are instructed that as a matter of law she was not a passenger of the defendant at the time of her injury, if any."

In addition to this, plaintiff's instruction No. 1 was a summary of the allegations of the complaint and included in it was this language: "In failing to afford plaintiff, as a passenger on the said southbound streetcar, a safe place to alight." Instructions Nos. 23 and 28, one of which was peremptory, referred to the allegations of the complaint. Instruction No. 26 informed

27

the jury of the responsibility of a common carrier to its passengers riding upon or alighting from its trains.

■ In its motion for a new trial defendant set forth as one of the grounds that "There was error in instructing the jury concerning the termination of the relation of passenger and carrier." Defendant also referred to this in its brief. It has properly preserved the question of whether it was error to submit the case to the jury together with plaintiff's given instructions pertaining to the issue of the carrier and passenger relationship. Borrowdale v. Sugarman, 347 Ill. App. 390; and cf. Goldschmidt v. Chicago Transit Authority, 335 Ill. App. 461.

■■ Generally, presumptions upon review favor judgment, and the burden is upon the appellant to point out the errors, if any, calling for its reversal. 222 East Chestnut St. Corp. v. Murphy, 325 Ill. App. 392, 399. There is a presumption that a general verdict under several counts or issues, some of which are good and some bad or unsupported by any evidence, is based on the evidence supporting the good counts or issues. Scott v. Parlin & Orendorff Co., 245 Ill. 460, 466–8, and cases there cited. See also Chicago, B. & Q. R. Co. v. Warner, 108 Ill. 538, 548–9. This presumption obtains apparently even when an instruction on the unsupported counts or issues is submitted to the jury. See Chicago City Ry. Co. v. Foster, 226 Ill. 288, 290; and cf. Schlauder v. Chicago & Southern Traction Co., 253 Ill. 154, 162.

■ A court of review assumes, as it must, at least one important proposition when it invokes this presumption. It assumes that the intelligence of the jurors enabled them to discriminate between those counts or issues proved and those unproved (Scott v. Parlin & Orendorff Co., supra, at 466), and that the error below was not of such a character as could have reasonably affected their ability to discriminate intelligently (Challiner v. Smith, 396 Ill. 106, 112).

28

■ In determining whether to invoke the presumption, the reviewing court should consider whether the evidence is close on the facts or sharply conflicting, and whether the error of submitting the unsupported issues to the jury was such as could reasonably have affected its verdict. Where the error charged has to do with the character of the proof required, there is a strong tendency toward reversal. Thus, it is generally considered reversible error, where the jury is erroneously instructed with respect to a presumption of negligence, or where there is an unsupported charge of undue influence in a will contest case, or where a charge of willful and wanton negligence is erroneously submitted. Chicago City Ry. Co. v. Rood, 163 Ill. 477; Barnes v. Danville St. Ry. & Light Co., 235 Ill. 566; Challiner v. Smith, supra; DeMarco v. McGill, 402 Ill. 46; Greene v. Noonan, 372 Ill. 286; and cf. Crisler v. Chicago City Ry. Co., 204 Ill. App. 491, 492. The rule fairly deducible from these cases is that unless the reviewing court can say that on retrial the result could not be otherwise, the cause must be remanded toward the end that the party bringing error may secure substantial justice. Where the reviewing court can see the case has been fairly tried, and that the judgment is clearly right upon the facts, and that consequently another trial must necessarily result the same way, it will not reverse on the ground that an erroneous issue has been submitted to the jury. Quite a different rule prevails where the case is a close one on the facts. In such a case where the evidence is about evenly balanced, the reviewing court will reverse for any substantial error in the trial court on a material question that may have turned the scale in favor of the successful party. Chicago, B. & Q. R. Co. v. Warner, 108 Ill. 538, 554–5; and cf. Toledo, W. & W. R. Co. v. Jones, 76 Ill. 311, 314.

■ It is elementary that every party has the right to have the law applicable to his case stated

29

fairly, clearly, distinctly and conveyed to the jury with substantial accuracy so that it may not be misled to the prejudice of the party. Chicago, B. & Q. R. Co. v. Payne, 49 Ill. 499; Illinois Cent. R. Co. v. Maffit, 67 Ill. 431, 435; Chicago & A. R. Co. v. Robinson, 106 Ill. 142, 144–5; Lyons v. Joseph T. Ryerson & Son, 242 Ill. 409, 416; Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81, 83; West Chicago St. R. Co. v. Schenker, 78 Ill. App. 592, 593; Gibbons v. Southern Illinois Ry. & Power Co., 199 Ill. App. 154, 161; Seley v. Eckhardt, 233 Ill. App. 584; Elmore v. Cummings, 321 Ill. App. 234; and cf. Townsend v. Chicago Transit Authority, 1 Ill.App.2d 77, 83. He has the right to have the jury instructed upon his theories of recovery or defense. Chicago, B. & Q. R. Co. v. Warner, supra; Chicago Union Traction Co. v. Mee, 218 Ill. 9; Chicago & E. I. R. Co. v. Jennings, 190 Ill. 478; Young v. Illinois Cent. R. Co., 319 Ill. App. 311, 323; Elmore v. Cummings, supra. Failure to give a party these rights which are tantamount to a fair and just trial, whenever the case is close upon its facts or the evidence conflicting, and the failure is material, requires that the verdict be set aside, the judgment reversed and the cause remanded for new trial.

The complaint in the instant case contained five allegations of negligence. Under four of these defendant was required to exercise only ordinary care, but under the fifth the carrier-passenger relation was alleged and defendant was charged with the highest degree of care. Plaintiff did not sustain the allegation as to the relation of carrier and passenger. The court, however, denied defendant's motion at the close of all the evidence on the question and allowed the issue to go to the jury. If the court had allowed defendant's motion, the jury would have considered and applied only the standard of ordinary care, but instead the jury had to consider whether the passenger-carrier

30

relationship existed and, if so, apply the higher standard of the high degree of care owed by defendant to plaintiff as a passenger. As a result plaintiff was allowed to give five instructions to the jury that emphasized the carrier-passenger relation. Under these circumstances it cannot be said that the law as it applied to the defendant was conveyed fairly, clearly and with substantial accuracy to the jury so that it was not prejudiced.

■■■ Applying the law heretofore stated to the facts of the instant case, it is apparent that the error was of such a character as could reasonably affect the ability of the jurors to discriminate intelligently between the counts or issues proved and those not proved. Further, we cannot say that remanding this case for a new trial must once again result in a verdict and judgment for the plaintiff. We therefore conclude that the erroneous submission to the jury of the carrier-passenger issue and the instructions pertaining to it under the circumstances could have misled or unduly influenced the jury in arriving at its verdict.

The judgment of the trial court is reversed and the cause remanded for new trial.

Judgment reversed and cause remanded.

McCORMICK, P. J. and SCHWARTZ, J., concur