**Marilyn Felker, Administrator of the Estate of Frank S. Felker, Deceased, Plaintiff-Petitioner, v. Warthen L. K. Hobbs, Defendant-Respondent.**

### Gen. No. 53,463.

First District, Second Division.

April 21, 1970.

BURKE, J., dissenting.

James D. Griffith, of Chicago, for plaintiff-petitioner.

Morton H. Meyer, Gerrard and Gerrard, of Chicago (Michael A. Gerrard, Allen S. Gerrard, and Morton H. Meyer, of counsel), for defendant-respondent.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is a companion case to Felker v. Bartelme, 124 Ill App2d 43, — NE2d —, in which latter case an opinion is also being rendered today. The facts have already been stated in the companion case; the trial court had directed a verdict in the dramshop action in favor of the tavern owner and operator. The jury then returned a verdict for $62,000 against Hobbs in the Wrongful Death action, which amount was reduced by the trial court to $31,772.54, in accordance with statutory limits then in force, plus hospital and burial expenses. Hobbs' motion for a new trial, presenting some twenty-four points as alleged trial errors necessitating a new trial, was allowed, and the plaintiff brought this petition seeking leave to appeal the trial court's grant of a new trial to defendant.

In the petition the plaintiff prays that the request for leave to appeal should be allowed; that the order granting a new trial should be set aside; and that the verdict and judgment for plaintiff should be reinstated. An answer to the petition was filed.

 As explained in the companion opinion, the evidence adduced at the trial was sufficient to have raised a jury question as to Hobbs' intoxication at the time of the accident. That issue was considered raised without relying in any way on Hobbs' own admission that in com-

64

pany with his wife he had drunk a half pint of alcohol and a quart of beer at his home before going to the tavern, which admission was hearsay as to the dramshop defendants. The trial court correctly ruled that the admission could be considered against the defendant, Hobbs, and thus the jury had before it evidence that Hobbs had consumed considerable alcohol. That fact, together with certain incidents of behavior, entitled the jury to conclude that Hobbs was intoxicated at the time of the accident.

There had been testimony that Hobbs had turned into a driveway, mistaking it for a road; yet he admitted making that turn at Landwehr Road on fifty previous occasions. There was also conflicting testimony as to whether or not at the time of the mishap Hobbs' left turn signal was on. There was further conflict in the evidence as to whether he had seen any oncoming traffic. Hobbs denied having said he drank a quart of beer at home, and testified that he had had a 12-ounce bottle of beer at home, and nothing more. However, Sergeant Mills testified that Hobbs told him he had half a pint of whisky and a quart of beer at home before going to the tavern. There was also direct conflict as to whether Hobbs had taken one of his wife's drinks. Hobbs had testified he was in the eastbound lane of Dundee Road at the time of the collision since he was turning south into Landwehr Road, in spite of the fact he had been traveling westbound.

Under the circumstances of this case, the jury was entitled to conclude that Hobbs was guilty under the Wrongful Death Act. The trial court erroneously granted the defendant a new trial, and, accordingly, we are allowing the petition for leave to appeal and are directing that an order be entered reinstating the jury's verdict as reduced to $31,772.54.

The defendant has presented twenty-four reasons to justify the court's order granting a new trial. The

plaintiff requested that the trial judge clarify and particularize the reasons for the order, but the motion was denied. Consequently, we have before us only the twenty-four reasons allegedly justifying a new trial, and the order allowing the motion; we do not have the benefit of the trial court's reasoning. It is, however, an established principle that it is the trial court's judgment, not the reasons given for it, which will be reviewed; and that if the judgment was correct it must be sustained. Campbell v. Powers, 139 Ill 128, 135, 28 NE 1062.

Many of the post-trial objections complain that the evidence does not support the verdict and that the verdict is contrary to law. We do not agree with these contentions; we hold that the plaintiff has made out a proper jury case and that the jury was entitled to find as it did. Therefore, if there was any reason which would justify a new trial it did not pertain to those aspects of the case relating to the evidence presented or the applicable law. Rather, it could only have been supported by the conclusion that errors occurred in the conduct of the trial which would require a new trial. We will consider the alleged trial errors raised in the defendant's brief before this court.

First, he complains that plaintiff's counsel committed reversible error during his cross-examination of Frank Galati, when counsel reminded the witness that prior to trial they had engaged in conversation. The trial court admonished the attorney that if he wanted to impeach the witness by testifying as to prior inconsistent statements made by the witness to him, it would be necessary for him to withdraw from the case so that he could become a witness. Counsel refused, and the cross-examination terminated. When asked by the judge if he wanted to take the stand, plaintiff's counsel said, "Your Honor knows that I can't do that." While defendant implies that this indicated the plaintiff's counsel could not in

fact impeach the witness, we take it to have meant that the counsel felt such a course of action was not worth his withdrawing from the case. The trial judge had sustained defendant's objections, saying that plaintiff's counsel could not attempt to impeach the witness by asking if the witness had not told him something different from that to which he was testifying on the stand. The questions were never allowed to be answered, and plaintiff's counsel said, "I understand that I would have to make an election." He elected not to take the stand, and dropped his line of cross-examination.

The defendant cites Townsend v. Chicago Transit Authority, 1 Ill App2d 77, 116 NE2d 170, for the proposition that it is reversible error when a verdict is obtained as a result of laying a foundation for an impeachment which is never carried through. However, the case does not stand for such a proposition. In Townsend the court had already remanded the case since undisputed evidence indicated that the plaintiff was injured as a result of the actions "of one or both" of the two defendants named in the complaint. Yet, a verdict had been returned finding both defendants not guilty.

Since there was to be a new trial the court discussed other errors, and said at page 81:

> "The practice of laying foundation for impeachment by questioning and then failing to follow up by proof, as was done here by defendant Transit Authority, is to be strongly criticized. We trust that on a retrial of this case there will be no repetition of this offense."

This is all that appears on the subject in the opinion; the court certainly did not say that the practice always constitutes reversible error, as is suggested by the defendant. In fact, the court does not say that it was reversible error in the case in question; only that the practice

is to be "strongly criticized" and should not be employed.

Certainly, in view of the facts in the instant case, no reversible error was committed during the cross-examination of Frank Galati. Plaintiff's counsel was told to choose between withdrawing from the case and testifying to impeach Galati, or refrain from laying an apparent foundation in order to impeach him. He chose the latter course, and although the perfect trial would have been more nearly approached had plaintiff's counsel not engaged in this line of cross-examination at all, we are not disposed to reverse because of minimal errors, since we realize there is no such thing as a perfect trial.

The other error called to this court's attention arose during the cross-examination of Sergeant Mills. The court ruled that the officer could not use photostated copies of handwritten notes since there was no way of knowing how accurately the notes had originally been copied. Counsel for plaintiff then said, "We can put that portion of the notes that you have and which I have into evidence, if that is what you wanted." Objection by opposing counsel was sustained, and defendant now urges that even though the objection was sustained, there was prejudicial error. However, at no time did he request a mistrial, and this is not even set forth in the post-trial motion as a ground for reversal. We think it is an afterthought, and that if there was any prejudice generated by the interchange it was quickly and adequately rectified by the trial court's admonitions to "disregard it and pay no attention to it."

This court could easily point out those parts of the record in which counsel for the defendant was told his questions were improper and argumentative. We have already indicated that this was not a perfect trial and that there were errors on both sides; however, none of

the errors justified a reversal of the jury verdict, since they were not so prejudicial as to deny either side a fair trial. We believe the court abused its discretion in granting a new trial. Notwithstanding the trial court's ability to observe the parties, their counsel and the effect of different matters on the jury, there was nothing during the course of the trial of sufficient magnitude to have required the court to reach such a determination.

The matter of the contributory negligence of the plaintiff and the negligence of the defendant were questions of fact, and the jury was entitled to find as it did. No errors were committed during the trial requiring a new trial to be granted. Accordingly, we are allowing the plaintiff's petition and are reinstating the judgment as reduced by the trial court.

Petition granted, order reversed, with directions.

LYONS, J., concurs.

BURKE, J., dissents:

I am of the opinion that the trial judge did not abuse his discretion in granting a new trial to the defendant, Hobbs. The granting of a new trial is within the sound discretion of the trial court and will not be upset without a clear showing of abuse of discretion. See Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717, and cases therein cited. The two eyewitnesses to the occurrence, other than the defendant, testified that within 300 feet of the intersection plaintiff's decedent pulled out from the eastbound lane of traffic and passed the overtaken car at an excessive rate of speed, at which time defendant's car was visible in the intersection making a left turn across the eastbound lane. There was no evidence that defendant was intoxicated. Furthermore, the court admonished counsel for the plaintiff that his

line of questioning was improper. The trial judge was in a position to evaluate the effect of these trial tactics. There is a sound basis for the action of the court in awarding a new trial, and the order should be affirmed.